UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

Wesley Paul Coonce, Jr.,

      Petitioner,

  v.

United States of America,

      Respondent.

Case No. 6:20-cv-08000-BCW

**Unopposed motion for leave to file notice of parties' second agreement regarding timing of § 2255 motion**

Petitioner Wesley Paul Coonce, Jr., by undersigned counsel, ask this Court for leave to file the attached Notice of Parties' Second Agreement Regarding Timing of § 2255 Motion (Exhibit 1). The government does not oppose this request.

As it did in co-defendant Charles Hall's case, the government has agreed to a second waiver of statute of limitations in Coonce's case, for an additional six months, making Coonce's § 2255 motion due February 9, 2024. As explained below, the decision to waive statute of limitations is within the government's sole discretion. Coonce respectfully asks this Court for leave to file the second letter agreement detailing the contours of the government's waiver.

### BACKGROUND

This is a 28 U.S.C. § 2255 action following the federal conviction and death sentence of Petitioner Wesley Paul Coonce, Jr. On March 25, 2022, the parties filed a notice of filing of parties' agreement regarding timing of § 2255 motion.[1] This notice attached a letter from Assistant United States Attorney Randall Eggert, explaining that the government "agrees not to pursue, and to affirmatively waive, any statute of limitations defense" for any § 2255 motion filed by Coonce on or before August 9, 2023.[2] This notice followed a nearly identical notice filed in co-

---

[1] ECF No. 16.

[2] ECF No. 16-1 at 1.

defendant Charles Hall's case. *See United States v. Charles Michael Hall*, No. 21-CV-08001-BCW (W.D. Mo.) ECF No. 23-1 (filed January 14, 2022) (extending Hall's March 22, 2022, deadline nine months until December 22, 2022).

On October 18, 2022, the parties filed another notice in Hall's case, this time extending the deadline six months until June 22, 2023.[3] In response, this Court *sua sponte* filed identical minute entry orders in both Hall's and Coonce's cases acknowledging the agreements, but explaining the Court was "not inclined to entertain any additional extensions of time in this matter" and instructing the parties that if they "would seek additional time in this case, even if agreed between counsel, the party shall contact the Court to arrange a telephone conference."[4]

Upon contacting the Court to arrange a telephone conference, counsel was instructed to file a motion.[5] This motion follows.

ARGUMENT

## I. The Government's decision to waive statute of limitations may not be overridden by the Court.

A statute of limitations defense is not jurisdictional and may be waived by the state. *Day v. McDonough*, 547 U.S. 198, 205 (2006). Further, it is "an abuse of discretion [for a federal court] to override a State's deliberate waiver of a limitations defense." *Wood v. Milyard*, 566 U.S. 463, 472-73 (2012) (quoting *Day*, 547 U.S. at 202)). Although both *Wood* and *Day* are § 2254 cases, all lower federal courts treat them as binding authority in § 2255 litigation as well. *See, e.g., Dimott v. United States*, 881 F.3d 232, 238 (1st Cir. 2018); *Cradler v. United States,* 891 F.3d 659, 665

---

[3] *Hall* ECF No. 29-1 at 2.

[4] ECF No. 26.

[5] Undersigned counsel provided a draft of this motion to the Government on March 17, 2023. Government counsel provided edits and approved the motion for filing on March 30, 2023.

n1., 665–66 (6th Cir. 2018); *Arreola-Castillo v. United States,* 889 F.3d 378, 383 (7th Cir. 2018); *United States v. Blackstone,* 903 F.3d 1020, 1026 n.2 (9th Cir. 2018); *United States v. Hopkins,* 920 F.3d 690, 697 n.10 (10th Cir. 2019). This includes the Eighth Circuit. *See Fletcher v. United States*, 858 F.3d 501, 505 (8th Cir. 2017); *Martinez v. United States,* 423 Fed.Appx.650, *1 (8th Cir. 2011).

On the other hand, several circuit courts have held that a federal district court lacks jurisdiction to consider a motion to enlarge the time for filing a § 2255 motion before any 2255 motion has actually been filed. *See, e.g., United States v. Asakevich*, 810 F.3d 418, 420–21 (6th Cir. 2016); *see also id.* at 421 (compiling cases from Second, Fourth, Fifth, Eleventh, and D.C. circuits).[6] As the Sixth Circuit has explained, "in the absence of a pending § 2255 motion, there was no action in the district court to which the motion could apply." *Id.* at 420. Though the Eighth Circuit has not issued a published decision on this question, district courts within the Eighth Circuit have followed the majority approach. *See, e.g.*, *United States v. Andrews*, No. 18-CR-00149(1) (SRN/DTS), 2023 WL 2333407, at *2 n.1 (D. Minn Mar. 2, 2023); *United States v. Jackson*, Order, No. 15-cr-260(7) (PAM/TNL) (D. Minn. Apr. 2, 2020); *United States v. Keys*, No. 1:16-cr-10017-CBK, 2019 WL 3497298, at *2 (D.S.D. Aug. 1, 2019) (denying discovery motion for a § 2255 before § 2255 motion was filed, following *Asakevich*).

These two lines of cases explain why the parties (both here and in Hall's case) proceeded by filing notices of their agreements regarding timing of the movants' initial 2255 motions, rather than by filing motions asking the Court to grant extensions of time. The parties also wish to emphasize that their agreements are

---

[6] The Third Circuit is alone in not following the majority approach, holding that, because a § 2255 motion is filed in the same criminal case, district courts do have jurisdiction to grant a request for an extension of time. *See United States v. Thomas*, 713 F.3d 165, 168–74 (3d Cir. 2013).

not intended to delay these proceedings but are designed to provide Coonce a fair opportunity to prepare his claims in light of the exceptional complexity of the case and the effect of COVID-19-related restrictions on counsel's ability to complete necessary investigation and record-gathering. *See* Exhibit 1.

Coonce's team continues to investigate numerous potential avenues of post-conviction relief, both as to guilt phase and penalty phase matters. The case record is extraordinarily voluminous, including a six-week jury trial involving dozens of witnesses and over 1,000 admitted exhibits, a Government investigation that generated tens of thousands of pages of discovery, and direct appeal proceedings that included thousands of pages of briefing and motions. Further, Coonce's social history includes approximately 40 different state-ordered residential placements (including group homes, foster homes, juvenile detention facilities, and adult jails and prisons) from the time he was four years old until his arrest on federal charges in 2002 at age 22, and then more than 20 years of history within numerous different BOP facilities.

Obtaining records from these facilities and placements has been extremely difficult and sometimes impossible. For example, even with AUSA Eggert's direct assistance, the defense has been unable to obtain Coonce's BOP records, which were requested and approved for "expedited" processing more than a year and a half ago. Ultimately, Coonce was forced to file a lawsuit against BOP to obtain his own records, to which his entitlement is undisputed. *See Federal Public Defender, District of Nevada and Coonce v. U.S. Dept. of Justice and Federal Bureau of Prisons*, Case No. 1:23-cv-00382-APM (D.C. Dist.) (filed Feb. 9, 2023).[7]

The COVID-19 pandemic is likely responsible for some of the difficulties, delays and backlogs that the defense has continually encountered in its document

---

[7] The defendants' answer to the complaint is due April 19, 2023.

collection efforts, and has interfered substantially with counsel's investigation in other ways. For example, the pandemic significantly delayed the defense's ability to conduct interviews, thus stalling the investigation of numerous potential substantive claims. While conditions are better now than they were several months ago, the number of people who must be interviewed in person in Coonce's case is enormous (partly because of his multiple residential placements prior to going into BOP custody), and the defense is playing "catch-up" for the long period of time in which such interviews were impossible.

Additionally, Coonce strongly believes, and the government concurs, that the interests of justice require the government to afford equal treatment to Coonce and Hall with respect to any waiver of a statute of limitations defense. The government's second agreement with Hall, in which it waives statute of limitations for an additional six months, has been filed and acknowledged by this Court. The second agreement with Coonce, memorialized in Exhibit 1, simply places him on an equal footing with Hall. Similarly, the government has advised both Coonce and Hall that there will be no third agreement, as the government will not agree to any further waivers of the statute of limitations defense.

## CONCLUSION

Coonce requests this Court grant him leave to file the notice attached as Exhibit 1. As indicated, the decision to expressly waive its statute of limitations defense lies solely with the government. It has opted to exercise that discretion in light of the unusual challenges Coonce's case presents that require additional time for counsel to adequately prepare Coonce's § 2255 motion, and to ensure equal treatment of Coonce and his co-defendant, Hall.

Accordingly, Coonce respectfully ask this Court to grant this motion and allow filing of the attached notice.

Dated March 30, 2023.

Respectfully submitted,

*/s/ John Jenab*

John Jenab
Missouri State Bar No. 47452
Jenab Law Firm, P.C.
P.O. Box 30
Lampe, MO 65681
(816) 759–8686
john.jenab@gmail.com

*/s/ Amelia L. Bizzaro*

Amelia L. Bizzaro
Wisconsin State Bar No. 1045709
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388–6577
amelia_bizzaro@fd.org