# EXHIBIT 1

# EXHIBIT 1

**U. S. Department of Justice**

*Teresa A. Moore*
*United States Attorney*
*Western District of Missouri*

Office of the United States Attorney     (417) 831-4406
The Hammons Tower     Fax (417) 831-0078
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2512

March 30, 2023

John Jenab
Jenab Law Firm, P.A.
P.O. Box 30
Lampe, MO  65681

Re:    *United States v. Wesley Paul Coonce, Jr.,* Case No. 20-CV-08000- Second Agreement Regarding Timing of Initial 28 U.S.C. § 2255 Motion

This letter memorializes the United States of America's (herein "Government") agreement regarding the filing of 28 U.S.C. § 2255 motions by defendant Wesley Paul Coonce, Jr., (herein "defendant"), challenging his convictions and death sentence imposed in United States District Court for the Western District of Missouri Case No. 10-CR-03029-BCW-1. By and through Assistant United States Attorney Randall D. Eggert, the Government agrees as follows:

- Under 28 U.S.C. § 2255(f)(1), defendant was required to file his motion to vacate, set aside, or correct his sentences on or before November 9, 2022 - one year following the date on which his judgment of conviction became final.

- Based on both (1) the exceptional complexity of this capital case which resulted from a six week long jury trial and generated thousands of pages of briefing and motions on direct appeal, and (2) defense counsels' good-faith representations regarding the effect of COVID-19-related restrictions on their ability to complete and file their client's motion by November 9, 2022, the Government agreed not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion defendant file on or before August 9, 2023.  (First Agreement).

- The circumstances which were the basis of the first agreement are still in existence, and the Government concedes that the interest of justice require additional time by the defendant's counsel in the preparation of the defendant's § 2255 motion.  The defendant is requesting that the Government extend the consent and waiver of the first agreement to on or before February 9, 2024.  The Government agrees to the request.

- The sole basis of this second agreement is the Government's consent and waiver.  The Government maintains its right to object to any request for an extension of 28 U.S.C. §

2255(f)'s deadlines without the Government's consent or waiver. The Government maintains that the district court has neither statutory authority nor jurisdiction to entertain requests for the extension of a § 2255(f)'s deadlines. *See, e.g., United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000); *United States v. Hernandez*, 431 Fed. Appx. 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. Appx. 573, 57 4 (5th Cir. 2005); *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003).

- Absent further written agreement, the Government maintains its right to dispute the timeliness of any § 2255 motion or supplement filed after February 9, 2024, and to dispute entitlement to equitable tolling.

- Absent extraordinary circumstances, this will be the last agreement the Government enters into regarding an agreement not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion.

Very truly yours,

TERESA A. MOORE
United States Attorney


Randall D. Eggert
Supervisory Assistant United States Attorney