| | | |
|---|---|---|
| WESLEY PAUL COONCE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.    6:20-CV-08000-BCW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner Wesley Paul Coonce, Jr.'s Motion for Permission to Contact Jurors (Doc. #38). The Court, being duly advised of the premises, having heard oral argument on September 11, 2023, grants said motion.

On May 7, 2014, a jury found Coonce guilty of first-degree murder. <u>United States v. Coonce</u>, 6:10-CR-03029-1-BCW, Doc. #757. On May 23, 2014, the district court "[o]rdered that no attorney for the Defendants or anyone working with the attorneys in this case is to reveal the names and/or any contact information of any juror, and further that the attorneys in this case are to advise everyone working with them of the above directive, and lastly that no one is to contact any of the jurors after they are discharged without the Court's permission to do so." <u>Id.</u> at Doc. #788. There is no dispute that the Court issued this Order in anticipation of a reported anti-death penalty protest near the courthouse during the trial. On June 2, 2014, the jury returned a unanimous verdict for imposition of a sentence of death against Coonce. <u>Id.</u> at Docs. #810, #811. On July 18, 2014, the Court entered judgment against Coonce sentencing him to death. <u>Id.</u> at Doc. #897.

On October 23, 2020, the Court appointed counsel to represent Coonce for purposes of proceedings under 28 U.S.C. § 2255. (Doc. #3). Pursuant to stipulation of the parties, Coonce's §

2255 petition will be filed on or before February 9, 2024. (Doc. #46). On April 28, 2023, Coonce filed the instant motion seeking leave of Court to contact the individuals who served as jurors and alternate jurors at his trial. (Doc. #38). Coonce's post-conviction counsel seeks permission to contact the jurors for investigative purposes relating to the petition for post-conviction relief. (Doc. #38). The Government opposes the motion. (Doc. #44).

**LEGAL STANDARD**

Whether counsel should be permitted to contact jurors post-verdict falls within the district court's discretion. United States v. Booker, 334 F.3d 406, 416 (5th Cir. 2003). This discretion "undergirds Rule 606(b) of the Federal Rules of Evidence, which also stems from long-established common law rules." Mitchell v. United States, 958 F.3d 775, 787 (9th Cir. 2020). Fed. R. Evid. 606(b) generally provides that jurors may not testify about the jury deliberations. Fed. R. Civ. P. 606(b)(1). There are, however, three explicit exceptions to this general rule. Fed. R. Evid. 606(b)(2). "A juror may testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2)(A)-(C). In any event, the party requesting post-verdict juror interviews should make a threshold showing of one of these exceptions, because the Court must also endeavor to maintain the secrecy of jury deliberations and protect jurors from annoyance and harassment. United States v. Wright, 506 F.3d 1293, 1303 (10th Cir. 2007); Mitchell, 958 F.3d at 787-88.

**ANALYSIS**

Coonce argues the Court should grant his motion to permit counsel to contact the jurors and alternate jurors in his 2014 capital trial because he demonstrates the possibility of juror bias and the possibility of an outside influence on the jury's deliberations.

Coonce argues he demonstrates the possibility of juror bias on two points -- first, whether any potential juror had a connection to anyone employed at the Springfield Federal Medical Center, such that they might have a personal connection to the site of the crime and second, whether any juror had "strong feelings" pertaining to traumatic brain injuries and mental health defenses. (Doc. #38).

Coonce otherwise argues he demonstrates the possibility of outside influence because the jury initially informed the Court that "with 100 percent certainty" they could not reach a verdict during the sentencing phase as to Coonce's co-defendant Charles Hall; yet, less than two hours later the jury returned a unanimous death verdict for Hall. Coonce argues this "quick change in vote" suggests an external influence on deliberations equally impacting Coonce.

The Government opposes Coonce's motion for four reasons. First, the Government argues a habeas petitioner is entitled to discovery only upon a showing of good cause, which, since Coonce has not yet filed his § 2255 petition, he cannot show. Second, juror contact is generally disfavored and Coonce has not made a preliminary showing of misconduct, irregularity, or external influence. Third, the Eighth Circuit rejected on direct appeal Coonce's assertion of legal error attributable to limitations on voir dire and Coonce may not attempt to relitigate those issues in a § 2255 petition. Fourth, Coonce's motion to contact jurors rests only on speculation.

Here, Coonce argues the jury was subject to potential outside influence, which falls within one of the exceptions to Fed. R. Evid. 606(b). Fed. R. Evid. 606(b)(2)(B) (juror may testify about outside influence). Therefore, the Court may, within its discretion, grant Coonce's motion for post-verdict juror contact as long as he makes a preliminary showing of "misconduct, irregularity, or outside intrusion into the jury process . . . ." (Doc. #44 at 5).

The Government first argues the Court should wait and see whether Coonce's § 2255 petition, due in February 2024, sets forth good cause for discovery into whether an outside influence impacted the jury. However, the parties agree that Coonce's motion to contact jurors falls within the Court's discretion. Moreover, where juror contact was prohibited by a Court Order, the instant motion and any subsequent investigation stemming from it fall within appointed counsel's duty to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." McClesky v. Zant, 499 U.S. 467, 498 (1991).

The Government also argues Coonce presented the instant arguments relative to limitations on voir dire to the Eighth Circuit on direct appeal, and the Eighth Circuit affirmed the conviction and sentence. Though the Eighth Circuit found on direct appeal no reversible error as to voir dire, it acknowledged "some potential for gaps" in juror responses. United States v. Coonce, 932 F.3d 623, 640 (8th Cir. 2019). Further, while the Eighth Circuit found no error on direct appeal based on the record at that time, Coonce requests post-verdict juror contact to investigate as to any actual prejudice. This potential for prejudice meets the required preliminary showing for Coonce's counsel to contact the jurors.

Coonce's "quick change in vote" argument tends more speculative. However, because the Court grants post-verdict juror contact as to the other issues raised in the motion, in the interests of efficiency and completion, the Court will not preclude counsel from also inquiring into any outside influence during penalty phase deliberations. Accordingly, it is hereby

ORDERED Petitioner Wesley Paul Coonce, Jr.'s Motion for Permission to Contact Jurors (Doc. #38) is GRANTED. It is the Court's intent to notify the jurors of the forthcoming contact and to instruct the jurors there exists no obligation for them speak to counsel and it is at the full

discretion of each juror to determine whether and to what extent they will communicate with counsel regarding this case. It is further

ORDERED counsel for Coonce shall provide to this Court the mailing addresses for the jurors and alternate jurors by **October 31, 2023**.

IT IS SO ORDERED.


DATE: October 17, 2023                    /s/ Brian C. Wimes
                                          JUDGE BRIAN C. WIMES
                                          UNITED STATES DISTRICT COURT