Wesley Paul Coonce, Jr.,

   Petitioner,

  v.

United States of America,

   Respondent.

Case No. 6:20-cv-08000-BCW

**Unopposed motion to seal § 2255 motion and exhibits**

Petitioner Wesley Paul Coonce, Jr., by counsel, asks this Court for an Order authorizing him to file his 28 U.S.C. § 2255 motion and exhibits under seal. He further requests permission to submit the sealed exhibits to the Court on an external flash or hard drive. The government, by Assistant United States Attorney Randal Eggert, has no objection to these requests.

### INTRODUCTION

Wesley's § 2255 motion is due May 6, 2024.[1] Wesley will ask this Court to grant him a new trial, vacate the judgment entered against him, and/or set aside or correct the sentence imposed upon him.

Counsel's investigation of Wesley's case has uncovered mitigating evidence that was not presented to the jury. Counsel intends to present this information in their motion, supported by new exhibits and by numerous exhibits that were admitted at trial. The trial exhibits were not publicly filed either in the district court nor on direct appeal, and they are not available to the public. Those exhibits, like the new § 2255 exhibits, primarily consist of expert reports, third-party declarations, and records traditionally required by law to be sealed from public access, including medical, psychological, child protective services, psychiatric,

---

[1] ECF No. 46.

institutional, and state and federal prison records. Any reference made to these confidential documents within the motion must also be protected from public disclosure; the content of the records cannot be divorced from the information discussed in the motion itself. Granting the instant motion will preserve the confidentiality of these sensitive materials and be consistent with the approach taken by this Court and the Court of Appeals in the criminal case.

## ARGUMENT

### I. Many of the exhibits Wesley plans to file must be redacted or filed under seal.

#### A. Medical and juvenile records.

Wesley anticipates filing written reports from medical experts in support of his case. Their reports and supporting records will include medical information about Wesley and his family. The reports discuss sensitive medical and mental health diagnoses and confidential medical information of Wesley and other third-party witnesses. Moreover, many of the trial exhibits Wesley intends to file consist of medical and psychological records from various institutions, including the Whaley Center, Hawthorn Center, and Texas Juvenile Justice Department, which housed Wesley from the time he was four years old until he was an adult, with some brief periods in which he lived with family.

The Supreme Court has recognized that one type of privacy interest protected under substantive due process is "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Indeed, many other courts have explained that "the [Supreme] Court assumed that protection of the autonomy right could extend to decisions concerning medical care." *Plante v. Gonzales*, 575 F.2d 1119, 1131 (5th Cir. 1978) (internal citations omitted); *see also Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) ( "Individuals have a constitutionally protected interest in avoiding 'disclosure of personal

matters,' including medical information."); *Barry v. City of New York*, 712 F.2d 1554, 1558 (2d Cir. 1983) ("The cases sometimes characterized as protecting privacy have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters. . ." (cleaned up)).

Moreover, child protective services records, and records related to Wesley's admission to Michigan state mental health institutions as a child, as well as his involvement in the Texas Juvenile Justice Department and foster care are required by law to remain confidential. *See* MICH. ST. § 722.627 (protecting the confidentiality and disclosure of records related to children); TEX. STAT. ANN. CH. 58(A) (creating confidentiality for juvenile records).

**B.     State and federal prison records.**

Wesley was incarcerated in the Texas Department of Corrections for three years before he was sentenced to the Federal Bureau of Prisons. Wesley has been in BOP custody since 2002—over 20 years. As a result, there are thousands of pages of BOP records that relate to his conduct, physical health, and mental health.

The motion will discuss Wesley's challenging years in the BOP. A large number of BOP documents were filed by the government as exhibits, many of which Wesley will likely include as exhibits to his motion.[2] A protective order was issued in the underlying criminal case to protect BOP records obtained through discovery and/or in response to subpoenas.[3] Access was limited because if publicly revealed, the safety and security of BOP institutions, its inmates, and staff could be jeopardized.[4] The protective order doesn't apply to records obtained through an

---

[2] Counsel is still in the process of determining what trial exhibits to include but anticipates including BOP records that were previously admitted into evidence as trial exhibits.

[3] ECF No. 301.

[4] ECF No. 301 at 1.

open records request, but those records are owed a duty of confidentiality because they include Wesley's BOP medical records, psychological records, program records, and conduct records.

Exhibits to Wesley's motion may include declarations from current and former BOP inmates, and BOP experts. The latter will discuss BOP policy and practice as it relates to Wesley. For the same reasons the Court wished to keep BOP records obtained through discovery and by subpoena, BOP records obtained by FOIA or discussed by defense experts should remain sealed as well.

### C.    Juror information.

With this Court's permission, the § 2255 team has interviewed jurors.[5] Counsel may raise claims related to the jurors. Such information should also be filed under seal.

## II.    Good cause exists to seal Wesley's § 2255 case.

Although the Court tends to favor openness and public access to judicial records and proceedings, the public's right of access to court documents and trials is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978). As the Supreme Court articulated in *Nixon*: "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598.

"The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). This Court exercises broad discretion in making this determination because it "has supervisory control over its records." *Id.* In assessing whether public access is appropriate, this Court considers the facts and circumstances of each case and must carefully balance the public's

---

[5] ECF No. 50.

right of access against the interests of non-disclosure. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."); *Nixon*, 435 U.S. at 599.

The relevant non-disclosure interests are: "(1) the Court's supervisory powers over its own documents; (2) the benefit to the public from the incremental gain in knowledge that would result from access to the materials in question; (3) the degree of danger to the petition or other persons mentioned in the material; (4) the possibility of improper motives on the part of the media; and (5) any special circumstances in the case." *Wiant v. United States*, No. 2:00-CR-108, 2005 WL 1651718 at *3 (S.D. Ohio, July 11, 2005). Here, the potential for improper use of Wesley's motion, unwanted exposure of internal BOP matters, as well as the likely harm Wesley, family members, and other declarants would endure should the petition be used improperly, significantly outweighs any presumptive right of public access, thereby justifying the sealing of Wesley's motion and its exhibits.

Wesley's motion will be supported by declarations by experts and other witnesses who discuss private information. Many of these facts are extremely sensitive and, if made public, would subject his family members to embarrassment and distress. Those sensitive facts include trauma, substance abuse, physical abuse, sexual abuse, criminal activity, and mental illness. It is necessary that the Court have knowledge of these facts so that it may appreciate Wesley's full social history; however, Wesley's family members have done nothing to deserve having their extremely private details made public. *See United States v. Boyd*, No. 3:07-CR-3, 2008 WL 2437725, at *4 (E.D. Tenn. June 13, 2008) (private information of third parties in criminal case ordered sealed because "any remaining information on these records would provide very little, if any, benefit to the public, and may still be harmful to third parties"); *see also Flynt*, 855 F.3d at 512 (fear of harassment,

negative publicity, and professional consequences were sufficient to overcome the presumption that judicial records should be public).

**CONCLUSION**

Wesley's co-defendant, Charles Hall, has filed a similar motion. *See United States v. Hall*, Case No. 4:21-cv-08001-BCW, ECF No. 59. There, as here, the government does not oppose the request. As demonstrated here, good cause exists for this Court to permit Wesley's § 2255 motion and exhibits to be filed under seal. The parties agree that a secure, efficient method for filing the exhibits is to provide them to the Court on a flash drive or an external hard drive.

Dated March 18, 2024.

Respectfully submitted,

| */s/ Amelia L. Bizzaro* | */s/ John Jenab* |
|---|---|
| Amelia L. Bizzaro | John Jenab |
| Wisconsin State Bar No. 1045709 | Missouri State Bar No. 47452 |
| Assistant Federal Public Defender | Jenab Law Firm, P.A. |
| 411 E. Bonneville Ave., Ste. 250 | P.O. Box 30 |
| Las Vegas, NV 89101 | Lampe, MO 65681 |
| (702) 388–6577 | (816) 759–8686 |
| amelia_bizzaro@fd.org | john.jenab@gmail.com |